607 A.2d 1249

Charlene DASHIELL

v.

MARYLAND STATE DEPARTMENT OF
HEALTH AND MENTAL HYGIENE.

Daniel COLES

v.

MARYLAND STATE DEPARTMENT OF
HEALTH AND MENTAL HYGIENE.

Nos. 141, 145, Sept. Term, 1991.

Court of Appeals of Maryland.

June 23, 1992.

Barry C. Steel, Towson, for appellants.

Lawrence P. Fletcher–Hill, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

These cases involve the application of the State's Substance Abuse Policy, as originally promulgated by an Executive Order of the Governor of Maryland on April 7, 1989, to two State employees whose employment was terminated following their convictions for drunken driving offenses.

## I.

Executive Order 01.01.1989.05 was, in part, a response to the federal Anti–Drug Abuse Act of 1988, 41 U.S.C. §§ 701–707, which requires states receiving federal funds to establish a drug-free workplace, a policy on use of substances, a drug awareness program for employees, and a procedure for self-reporting convictions. The order provided, in paragraph B(7), that "employees convicted of off-the-job drug or alcohol offenses will be in violation of this policy." Paragraph B(11) of the order specified that "employees who are assigned to designated *sensitive classes* will be terminated if they are found to be in violation of this policy." (Emphasis added.)

Paragraph A(6) of the Executive Order defined " 'Sensitive classes' " of State employees as

"those in which the Secretary of Personnel has determined that all of the following conditions exist:

"(a) A substantially significant degree of responsibility for the safety of others;

"(b) A potential that impaired performance of the employee could result in death of or injury to the employee or others; and

"(c) Lack of close monitoring of the employee's behavior which reduces the possibility of intervention or assistance by another when necessary." [1]

## A.

### *Dashiell Case*

Charlene Ellen Dashiell commenced her employment with the State of Maryland on July 3, 1975 at the Holly Center, a facility of the State Department of Health and Mental Hygiene which serves developmentally disabled persons. At the time of her discharge, Dashiell was a Direct Care Assistant II. She was required by her job to care for disabled residents of the Holly Center by, among other things, lifting and positioning patients and providing for their personal hygiene and grooming. From 1975 through 1987, Dashiell's annual work evaluations were satisfactory. In 1981, her job performance was recognized with the Silver Medallion Exemplary Service Award. In 1988 and 1989, however, problems arose. Dashiell's annual evaluations for those two years rated her performance as unsatisfactory, citing attendance problems. Eighteen days after the Governor's Substance Abuse Policy took effect, Dashiell signed a form acknowledging receipt of a copy of the policy.

On July 3, 1989, while off-duty, Dashiell was arrested and charged with several drunken driving offenses. On October 23, 1989, she was found guilty in the District Court of Maryland, sitting in Wicomico County, of driving while intoxicated in contravention of Maryland Code (1987, Repl. Vol., 1991 Cum.Supp.) § 21–902(a) of the Transportation

---

1. On April 1, 1991, the Governor issued Executive Order 01.01.1991.16, which expressly rescinded the 1989 order. The new order changed the 1989 order by, among other things, removing the automatic termination provision for sensitive employees who are convicted of a first-time, off-duty, alcohol-driving offense. The 1991 order plays no part in this appeal.

Article. Thereafter, on January 17, 1990, the Personnel Director of the Holly Center issued a memorandum notifying Dashiell that her position had been classified as "sensitive" for purposes of the State's Substance Abuse Policy.

Charges for her removal from State service were subsequently filed against her by the Department, it being alleged that she had violated paragraph B(11) of the State's Substance Abuse policy, as well as the Code of Maryland Regulations (COMAR) 06.01.01.47(M), *viz.*, that her conduct tended to bring the State classified service into disrepute.[2]

On March 27, 1990, a hearing was held before a State administrative law judge. He concluded that the "agency did prove the charges filed against Ms. Dashiell," and therefore recommended to the Secretary of Personnel that she be separated from State service. The basis of his decision was that Dashiell occupied a job in a "sensitive" class, and as she was convicted of an offense involving alcohol, she had violated the Substance Abuse policy and termination of her employment was warranted. The administrative law judge made no specific mention of the charge that Dashiell's conduct tended to bring the State service into disrepute. Dashiell filed exceptions with the Secretary of Personnel, contending that it would be patently unfair to terminate her for an offense that occurred before her job was classified as sensitive. The Secretary found no merit in this argument, opining that because Dashiell received a copy of the Substance Abuse Policy, she was on notice of the definitional criteria underlying the classification of a position as sensitive. Consequently, according to the Secretary, Dashiell was aware that her job would, more likely than not, be classified as sensitive, and therefore the termination of her employment was ordered.

---

**2.** COMAR 06.01.01.47(M) provides, in pertinent part, that it shall constitute cause for removal if

"the employee has been guilty of conduct such as to bring the classified service into public disrepute."

## B.

### *Coles Case*

Like Dashiell, Daniel Coles was employed as a Direct Care Assistant II at the Holly Center at the time of his dismissal.   He had worked at the Holly Center for seven years, and all of his evaluations indicated that his work was satisfactory.   Coles signed a form acknowledging receipt of the State's Substance Abuse policy on April 25, 1989.   On August 26, 1989, while off-duty, he was arrested for driving under the influence of alcohol.   He was found guilty of this offense in the District Court of Maryland, sitting in Wicomico County, on March 19, 1990.

Coles received notice that as of January 17, 1990—a date between his arrest and conviction—his position had been designated as sensitive.   On April 16, 1990, charges were filed against him for separation from State service, alleging a violation of the Substance Abuse Policy and of COMAR 06.01.01.47(M).   A hearing was held before a State administrative law judge on May 9, 1990, who determined that the Department of Health and Mental Hygiene had satisfied its requisite burden of proving violations of both the Substance Abuse Policy and COMAR 06.01.01.47(M).   The administrative law judge recommended to the Secretary of Personnel that Coles be separated from State service, noting that Coles's arrest was not the occurrence that violated the policy, but rather it was his conviction which occurred after Coles's job had been designated as sensitive.   Although the Secretary expressly adopted the findings of fact and conclusions of law of the administrative law judge, she made no mention of the charge that Coles's conduct tended to bring the State service into public disrepute.   The Secretary ordered that Coles be terminated from State service.

The employees appealed to the Circuit Court for Wicomico County from the Secretary's orders.   That court (Truitt, J.) affirmed the Secretary's order in both cases.   Each employee then appealed to the Court of Special Appeals.

We granted certiorari before consideration of their appeals by the intermediate appellate court.

## II.

While Dashiell and Coles, in their separate briefs in this Court, presented the same six issues, we focus on only two of these issues: (1) whether the agency decisions were erroneous as a matter of law and (2) whether the orders of the Secretary were arbitrary and capricious and unsupported by substantial evidence.

The Department argues that the orders were not arbitrary and capricious; that they were supported by substantial evidence; and that there was no error of law. It maintains that a sufficient nexus existed between off-duty substance abuse and the important, independent tasks that employees in sensitive classifications must perform. Specifically, it contends that employees' use of alcohol, even while not on duty, is likely to have a deleterious effect on their health and their ability to render safe, quality care to the disabled, vulnerable patients at the Holly Center. Furthermore, it says, there is a significant risk that the employees' performance, if impaired, could result in serious harm before it is detected.

The Department also argues that because the Substance Abuse policy sets forth the characteristics of sensitive positions, and the employees acknowledged having read the policy, they had notice that their jobs were destined to be classified as sensitive sometime in the future. The Department views the Secretary's finding that the employees had notice of their sensitive classification as supportive of a factual determination that any reasonable State employee who read the Substance Abuse Policy would know from the definitional criteria in the Executive Order whether his position would ultimately be classified as sensitive.

## III.

The Administrative Procedure Act, Maryland Code (1984), §§ 10–101 to 10–405 of the State Government Article, pro-

vides for judicial review of the decisions of State administrative agencies. It provides, *inter alia,* in § 10–215:

"(g) *Decision.*—In a proceeding under this section, the court may:

  \*   \*   \*   \*   \*   \*

"(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:

  \*   \*   \*   \*   \*   \*

"(iv) is affected by [an] error of law.

"(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

"(vi) is arbitrary or capricious."

We think the agency decisions in this case were wrong as a matter of law. There is no ambiguity in the wording of the Governor's Executive Order. It makes clear that the automatic termination provision of paragraph B(11) applies to those individuals whose positions were classified as sensitive at the time that their conduct violated the Governor's policy. In this regard, the precise language of paragraph B(11) calls for automatic termination of employees who violate the policy if "they *are* assigned to *designated* sensitive classes." (Emphasis added.) The first sentence of paragraph A(6), in which the characteristics of sensitive employment are set forth, provides that sensitive positions are those "in which the Secretary of Personnel *has* determined that all of the [enumerated] conditions exist." (Emphasis added.) As to the conduct that requires automatic termination, the policy speaks only in the present tense. It assigns to the Secretary of Personnel the ultimate task of determining sensitivity; no job is sensitive until the Secretary officially so declares. The sensitivity determination, accordingly, cannot be applied until it is made.

In this case, the employees were not assigned to sensitive classifications at the time they committed the acts that gave rise to their convictions. The provisions of the Substance

Abuse policy were triggered on the day each employee committed the offense, not the day on which each was convicted. When the proscribed conduct occurred, the position of Direct Care Assistant II had not yet been declared as sensitive. The position became sensitive only after the Secretary declared it so, and then only to misconduct occurring after that date.

Even if the Department had been correct in its interpretation of the Executive Order, it is clear that the Secretary's finding was not supported by substantial evidence in light of the entire record. In each case, it was the Secretary's finding that the employees were aware, because of having received a copy of the substance abuse policy, that the Direct Care Assistant II position would be classified as sensitive at some future time. There was, however, no evidence, or any inferences that could be properly drawn therefrom, from which it could be properly concluded that both employees realized that the Direct Care Assistant II position would subsequently be classified as sensitive and that, as a result, their employment would be automatically terminated for conduct occurring prior to the actual designation of the position as sensitive. Dashiell testified that she had no knowledge that the job would be classified as sensitive. Similarly, Coles testified that he had no such knowledge at the time of his arrest.

We recently reiterated "[i]n determining whether an agency's decision is supported by substantial evidence, we are mindful that substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Caucus v. Maryland Securities,* 320 Md. 313, 324, 577 A.2d 783 (1990), citing *State Election Bd. v. Billhimer,* 314 Md. 46, 548 A.2d 819 (1988). We have also described the substantial evidence standard in terms of "whether 'a reasoning mind could have reached the factual conclusion the agency reached.'" *Lumbermen's Mut. Casualty v. Ins. Comm'r,* 302 Md. 248, 266, 487 A.2d 271 (1985). As we see it, the Secretary's decisions lack any evidentiary support and thus were essentially arbitrary and

capricious; no reasoning mind could have reached the Secretary's conclusion.[3]

JUDGMENTS OF THE CIRCUIT COURT FOR WICOMICO COUNTY REVERSED; CASES REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE ORDERS OF THE SECRETARY OF PERSONNEL; COSTS TO BE PAID BY APPELLEE.

---

**3.** At oral argument before this Court, the Department conceded that the Secretary's orders rise or fall on the charge of violation of the Substance Abuse Policy; the charge that the employees violated COMAR 06.01.01.47(M) by bringing the State service into disrepute cannot be sustained separately.